# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                         Criminal No.  04-362 (JRT/RLE)

                              Plaintiff,

v.                                                      **MEMORANDUM OPINION**
                                                            **AND ORDER**

PATRICK ALLEN JONES,

                              Defendant.

David M. Genrich, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Patrick Jones, Reg. No. 1181-041, United States Penitentiary, P.O. Box 1000, Lewisburg, PA  17837, *pro se* defendant.

Patrick Allen Jones filed a § 2255 motion challenging his sentence under the Armed Career Criminal Act ("ACCA") in light of the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).  In 2004, Jones was indicted on a singular count of being a felon in possession of a firearm.  (Indictment, Sept. 14, 2004, Docket No. 1.)  The count in the indictment alleged that Jones had seven relevant prior offenses:  three Wisconsin burglaries, on June 3, 1975, January 15, 1977, and January 20, 1981; an Iowa robbery on April 2, 1984; a Missouri theft on April 13, 1994; and an Indiana conviction for Possession of Narcotic Drug on September 28, 2001.  (*Id.* at 1.)  Jones pleaded guilty to

the felon in possession count. (Min. Entry for Plea Agreement Hr'g, Nov. 4, 2004, Docket No. 30; Plea Agreement, Nov. 4, 2004, Docket No. 31.)

Prior to sentencing, the U.S. Probation Officer prepared a presentence investigation report ("PSR"), which revealed that Jones had pleaded no contest in 1998 to a Wisconsin charge of battery to a law officer. (PSR at 8 (on file with the Court).) The Court then found that at least three of Jones's prior offenses were sufficient to trigger the ACCA's mandatory minimum of 15 years, and the Court sentenced Jones to 15 years, eight months imprisonment. (*See* Sentencing J., May 18, 2005, Docket No. 34.) Jones never filed a direct appeal.

A decade after his sentence, and after the Supreme Court's invalidation of the ACCA's residual clause in *Johnson*, Jones has filed a *pro se* petition – his first – requesting that the Court vacate, set aside, or correct his sentence. (Pro Se Mot. to Vacate, Nov. 12, 2015, Docket No. 36.) The United States filed a response and submitted eight exhibits on March 10, 2016. (Resp. by United States, Mar. 10, 2016, Docket No. 40.)

Because Jones's 1977 and 1981 burglary convictions and his 1998 battery-to-law-officer conviction are violent felonies according to the ACCA's terms, the Court will deny Jones's petition.

# ANALYSIS

## I.     STANDARD OF REVIEW

Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II.     JONES'S SENTENCE AND THE ACCA

Typically, a person found guilty of being a felon in possession may be sentenced to no more than 10 years imprisonment.   18 U.S.C. § 924(a)(2).   But if the ACCA applies, then the 10-year statutory maximum is replaced by a 15-year mandatory minimum. *Id.* § 924(e)(1); *see also Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013) (noting the typical statutory max and the ACCA's heightened mandatory minimum).

The ACCA's mandatory minimum applies to the sentences of federal defendants who have prior convictions, at least three of which were for a "serious drug offense" or a

"violent felony." 18 U.S.C. § 924(e)(1). Until 2015, a felony was a "violent felony" for ACCA-purposes if it fit into one of the ACCA's three defining clauses: the felony (1) has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); (2) it "is burglary, arson, or extortion, [or] involves the use of explosives" (the "enumerated crimes clause"); or (3) it "involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.* § 924(e)(2)(B). In 2015, however, the Supreme Court removed the residual clause from the calculus, holding that the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2556-57. *Johnson*'s rule was then held to be retroactive. *Welch*, 136 S. Ct. at 1268. Now, a felony must meet either the force clause or the enumerated crimes clause to be a "violent felony."

Jones argues, in light of *Johnson* and *Welch*, that his sentence must be amended downward, presumably to a sentence of no more than the statutory maximum of 10 years, because the application of the ACCA's mandatory minimum depended on the residual clause; in Jones's opinion, fewer than three of his prior convictions can be counted as ACCA predicate offenses under the force and enumerated crimes clauses. The United States puts forward five of Jones's prior convictions to argue that his mandatory minimum can be sustained.

### A.    1977 and 1981 Wisconsin Burglary Convictions

The government first argues that Jones's 1977 and 1981 Wisconsin burglaries are predicate offenses under the enumerated crimes clause. When determining whether a

particular conviction counts as an ACCA predicate offense, the Court first applies the "formal categorical approach" which works as follows in the context of the enumerated crimes clause:

> Sentencing courts may "look only to the statutory definitions" – *i.e.*, the elements—of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions."  If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is "necessarily . . . guilty of all the [generic crime's] elements."  But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form.  **The key . . . is elements, not facts**.

*Descamps*, 133 S. Ct. at 2283 (emphasis added) (quoting *Taylor v. United States*, 495 U.S. 575, 599-600 (1990)).

In a "narrow range of cases," however, the Court may apply the "modified categorical approach" to determine whether a prior conviction is an ACCA predicate offense.  *Id.* at 2283-84.  The modified approach may be used when the statute governing the alleged-predicate offense is divisible, in that it contains two or more alternative elements, any one of which could satisfy the ACCA, but at least one of which would not. *Id.*  In that scenario, the Court must determine "which element played a part in the defendant's conviction" – the one that would meet the ACCA's requirements, or some other element – to see if the prior conviction may serve as an ACCA predicate offense. *Id.* at 2283-84.  To that end, the Court may examine a limited universe of documents from the state-court record, including the indictment, jury instructions, plea colloquy, and plea agreement.  *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Descamps*, 133

S. Ct. at 2285 n.2 ("the approved documents"); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (including "comparable judicial record[s]" in the list of permissible state-record documents)); *United States v. Espinoza-Cano*, 456 F.3d 1126, 1131 (9th Cir. 2006) (including "the judgment" in the list of acceptable documents).  The point is to determine the actual element under which the defendant was convicted, not the facts of his case. *Descamps*, 133 S. Ct. at 2283.

In the context of the enumerated crimes clause, the Supreme Court has spent the most time with the enumerated crime at issue here:  burglary.  In a 1990 case, *Taylor v. United States*, the Supreme Court defined "generic burglary" as "unlawful or unprivileged entry into, or remaining in, **a building or structure**, with intent to commit a crime."  495 U.S. at 599 (emphasis added).  The Court further defined generic burglary's "building or structure" element by noting a few places and items that fall outside the element's scope:  automobiles, vending machines, booths, tents, boats, vessels, and railroad cars, *id.* at 2158-59; *see also Mathis*, 136 S. Ct. at 2250 ("land, water, [and] air vehicle[s]"); *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009) ("vessel[s]"); *Shepard*, 544 U.S. at 17 ("boats and cars"); *see also United States v. Snellenberger*, 548 F.3d 699, 700-01 (9th Cir. 2008) (en banc) ("tents, railroad cars, automobiles, aircraft, mines, [and] outhouses"), *abrogated on other grounds by Young v. Holder*, 548 F.3d 699 (9th Cir. 2008) (en banc).  Thus, if a defendant has a prior state conviction for burglary, then in applying the formal categorical approach, the Court must determine if the state's version of burglary contains the same elements as generic burglary.  If it instead contains alternative elements for the place to be burgled – a dwelling **or** an automobile, for

example – and one of those alternative elements is also an element in generic burglary (a dwelling) and another is not (an automobile), then the formal categorical approach cannot help the Court determine whether the defendant was actually convicted of generic burglary. That is when the modified categorical approach must be applied: the government may attempt to show that documents from the state-court record demonstrate that the defendant was convicted under alternative elements that meet the elements of generic burglary, not the alternative elements that do not.

Here, at the time of Jones's Wisconsin burglary convictions, the relevant portion of Wisconsin's burglary statute stated the following:

> **Burglary.** **(1)** Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:
>
> (a) Any building or dwelling; or
>
> (b) An enclosed railroad car; or
>
> (c) An enclosed portion of any ship or vessel; or
>
> (d) A locked enclosed cargo portion of a truck or trailer; or
>
> (e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
>
> (f) A room within any of the above.

Wis. Stat. § 943.10(1) (1977and 1980 versions).[1]

---

[1] The United States filed copies of the 1977 and 1980 versions of Wisconsin's burglary statute as exhibits to their response to Jones's motion. (Resp. by United States, Ex. 3 at 7-8.) The relevant portions of those two versions are identical. (*See id.*) Additionally, the Court notes that it cites to the 1980 version of the statute and not the 1981 version, even though Jones was convicted in 1981, because that conviction was for conduct that was alleged to have taken place in 1980, not 1981. (*Id.*, Ex. 2 at 4.)

Wisconsin's statute is a textbook example of one with alternative elements – a person may violate the burglary statute's place requirement if he or she burgles a place listed in any one of the six subsections.[2]  Because a few of these alternative elements extend to places that are not buildings or structures – for example, "enclosed railroad car[s]" and "enclosed portion[s] of any ship or vessel" – the formal categorical approach cannot help the Court discern whether Jones was found guilty of the elements of generic burglary.

The Court must therefore attempt to utilize the modified categorical approach. The criminal judgments in both the 1977 and 1981 convictions state that Jones specifically pleaded guilty to violating § "943.10(1)(**a**)," the subsection that corresponds with unprivileged entry of "[a]ny building or dwelling."  (Resp. by United States, Exs. 1, 2 (emphasis added).)  That alternative element corresponds with the "building or structure" element of generic burglary, and the Court therefore finds that Jones's 1977 and 1981 Wisconsin burglaries are predicate offenses under the ACCA's enumerated crimes clause.

## B.     1984 Iowa Robbery Conviction

The United States next argues that Jones's 1984 robbery conviction qualifies as an ACCA predicate offense under the ACCA's force clause.  As quoted above, the force

---

[2] Wisconsin's statute is not like the indivisible statute at issue in *Mathis v. United States*, where Iowa prohibited the burglary of an "occupied structure," and then defined the "occupied structure" element as covering a wide swath of places and objects.  *See Mathis*, 136 S. Ct. at 2250 (citing Iowa Code § 702.12); *see also id.* at 2259-60 (Breyer, J., dissenting) (describing Iowa Code § 702.12 in detail).

clause covers violent felonies that include "as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i).   Prior to 2010, the Eighth Circuit interpreted "physical force" in a tautological fashion, requiring a finding of nothing more than "physical force."   *See United States v. Eason*, No. 15-1254, 2016 WL 3769477, at *5 (8th Cir. July 14, 2016). But in 2010, the Supreme Court held that "in the context of a statutory definition of '**violent** felony,' the phrase 'physical force' means **violent** force – that is, force capable of causing physical pain or injury to another person" – mere "touching" is not sufficient. *Curtis Darnell Johnson v. United States*, 559 U.S. 133, 140, 141-42 (2010).   After *Curtis Johnson*, the Eighth Circuit recognized that the Supreme Court's decision "elevated the necessary quantum of force from *de* [*minimis*] to violent."   *Eason*, 2016 WL 3769477, at *5 (quoting *United States v. Winston*, No. 3:01-79, 2016 WL 2757451, at *5 (W.D. Va. May 11, 2016)).   The Eighth Circuit held that *Curtis Johnson* therefore "'casts sufficient doubt on the reasoning' of some pre-[*Curtis*] *Johnson* holdings regarding crimes of violence," and noted that those pre-*Curtis Johnson* holdings "may be rightfully reevaluated."   *Id.* (quoting *United States v. Holloway*, 630 F.3d 252, 254-55 (1st Cir. 2011)).

Here, Jones's 1984 Iowa robbery conviction was for robbery in the first degree. (Resp. by United States, Ex. 4 at 13.)   The relevant statute defined "Robbery in the first degree" as following:   "A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury,

or is armed with a dangerous weapon."  Iowa Code § 711.2 (1983).  The statute defined

"robbery" as

> when, having the intent to commit a theft, the person does any of the
> following acts to assist or further the commission of the intended theft or
> the person's escape from the scene thereof with or without the stolen
> property:
>
> 1. Commits an assault upon another.
>
> 2. Threatens another with or purposely puts another in fear of
> immediate serious injury.
>
> 3. Threatens to commit immediately any forcible felony.

*Id.* § 711.1.

Employing the formal categorical approach, the Court cannot conclude that

Jones's 1984 conviction was for a crime that had as an element the use, attempted use, or

threatened use of violent physical force against another person.  It is, for example,

theoretically possible that Jones committed his robbery by "[c]ommitt[ing] an assault

upon another," and that assault did not involve force capable of causing physical pain or

injury to another person.  In Iowa, as in many states, assaults can be and often are

nonviolent.  *See* Iowa Code § 708.1(1) (defining "assault" to include "[a]ny act . . . which

is intended to result in physical contact which will be insulting or offensive to another");

*Curtis Johnson*, 559 U.S. at 140-42 (holding that an element punishing mere touching

does not meet the ACCA's force clause).  And Jones's robbery could have been escalated

to first-degree robbery merely because he was "**armed with** a dangerous weapon," even

if he never used, attempted to use, or threatened to use the weapon.  *See id.* § 711.2

(emphasis added); *see also United States v. Jones*, No. 15-1518, 2016 WL 3923838, at

*5-6 (2d Cir. July 21, 2016) (holding that the element "armed with a deadly weapon" in New York state law is not an element necessarily requiring a showing of violent physical force). Perhaps it is unlikely that Jones actually committed his robbery by nonviolent assault while armed, but for the purposes of the categorical approach, 1984 Iowa robbery law does not categorically indicate that Jones was convicted of a "violent felony" under the ACCA's force clause.

The United States argues, however, that this conclusion is foreclosed by precedent. According to the United States, Iowa's robbery statute categorically meets the ACCA's force clause because Iowa's robbery statute is nearly identical to Minnesota's, and the Eighth Circuit held in 2013 that Minnesota's statute meets the force clause. *See United States v. Rucker*, 545 Fed. App'x 567 (8th Cir. 2013) (per curiam). But that argument lacks persuasive heft for two reasons: First, the panel opinion from *Rucker* is an unpublished opinion, and in the Eighth Circuit unpublished opinions "are not precedent." 8th Cir. R. 32.1A. Second, *Rucker*'s reasoning is undermined by the fact that the panel apparently applied the formal categorical approach and yet did not evaluate each alternative element in the divisible statute at issue. A person could have satisfied the element at issue in *Rucker* by either (a) being "armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon," **or** (b) "inflict[ing] bodily harm upon another." *Rucker*, 545 Fed. App'x at 572-73 (quoting Minn. Stat. § 609.245 (1988)). The court of appeals concluded that this either-or choice – what appears to the Court to be a set of two alternative elements – together constituted one element of "threatened use of physical force," giving

no reasoning.  *Id.* at 573.  Finally, the Court finds that after the Supreme Court's decision

in *Curtis Johnson*, an element that includes merely being "armed with" a weapon, even

without using, attempting to use, or threatening to use the weapon, cannot meet the

ACCA's force clause, because *Curtis Johnson* "elevated the necessary quantum of force

from *de* [*minimis*] to 'violent.'"  *Eason*, 2016 WL 3769477, at *5 (quoting *Winston*, 2016

WL 2757451, at *5).  The *Rucker* court did not cite *Curtis Johnson* – indeed, it did not

cite any court decision at all when interpreting and applying the force clause.  *See* 545

Fed. App'x at 572-73.  *Rucker* does not dictate the Court's outcome here.

Although the formal categorical approach cannot detail whether Jones's robbery

conviction included a guilty finding on an element meeting the ACCA's force clause, it is

possible the modified categorical approach may.  But the Court has been presented with

only one document from the state-court record for the 1984 robbery conviction – the

docket sheet – and that document states nothing more than the fact that Jones pleaded

guilty to first-degree robbery.  (Resp. by United States, Ex. 4 at 12-13.)  The docket sheet

does not show that Jones was found guilty of his 1984 robbery through an element

involving violent physical force.  (*See id.*)[3]

---

[3] The United States argues that the Court, in applying the modified categorical approach, may look at the facts of Jones's robbery, as laid out in the Probation Office's presentence investigative report, to find that Jones actually acted with violent physical force in committing his 1984 robbery.  (Resp. by United States at 9 n.2.)  But the Court's task in determining whether a prior conviction was "for a violent felony" in the ACCA's eyes is to examine "the elements, rather than the facts, of a crime."  *Descamps*, 133 S. Ct. at 2285.   The presentence report's summary of facts, therefore, is immaterial to the question the Court must answer.  *Eason*, 2016 WL 3769477, at *6.

The United States argues that in the context of that evidentiary gap, the burden should be on Jones to show his 1984 Iowa robbery was **not** an ACCA predicate offense, instead of the government bearing the burden of proving the opposite by a preponderance of the evidence.  But the Court finds that the burden rests with the government, at least in the midst of the Court's application of the modified categorical approach, for three reasons.  First, the necessary state-court records will inevitably be in the possession of the government.  *United States. v. Evans*, Nos. 2:02-1 & 2:14-171, 2015 WL 9480097, at *2 n.1 (W.D. Pa. Dec. 29, 2015).  Second, at Jones's initial sentencing the government had the burden of establishing, by a preponderance of the evidence, that Jones's prior convictions were ACCA predicate offenses; if the government met the burden then, it should be able to meet the burden now.  *See Mitchell v. United States*, 526 U.S. 314, 330 (1999) (stating that the government had the burden at sentencing); *see also Eason*, 2016 WL 3769477, at *6 (refusing to impose the ACCA's mandatory minimum because the government had not met its burden).  Third, at least two circuits agree that once the Court's evaluation of a prisoner's prior convictions enters the modified categorical approach, it is the government who bears the burden – even in the context of a § 2255 petition.  *Kirkland v. United States*, 687 F.3d 878, 889-95 (7th Cir. 2012) (rejecting an elaborate burden-shifting scheme and holding instead that in a § 2255 petition appeal, that the government bears the burden of proving that a defendant was properly sentenced in accordance with the ACCA); *United States v. Tucker*, 603 F.3d 260, 266-67 (4th Cir. 2010) (granting § 2255 motion because government could not establish with appropriate documents that the prisoner had three predicate offenses).  Finally, the Court notes that

the ACCA's changed landscape, in this post-*Johnson*, post-*Welch* world in which the Court must operate, justifies requiring the government to produce the relevant "*Shepard*-documents" to show that a defendant's ACCA mandatory minimum sentence is supported by something other than the now-unconstitutional residual clause.

The Court therefore finds that, based on the documents before the Court, the 1984 Iowa robbery conviction cannot serve as an ACCA predicate offense.

### C.      1998 Wisconsin Battery Conviction

The United States finally argues Jones's 1998 Wisconsin conviction for battery to law officers constitutes an ACCA predicate offense under the force clause.  In 1998, Wis. Stat. § 940.20(2) stated,

> **Battery to law enforcement officers and fire fighters**.  Whoever intentionally causes bodily harm to a law enforcement officer or fire fighter . . . acting in an official capacity and the person knows or has reason to know that the victim is a law enforcement officer or fire fighter, by an act done without the consent of the person so injured, is guilty of a Class D felony.

Wis. Stat. § 940.20(2) (1995-96 and 1997-98 versions).

The United States argues that the Eighth Circuit has already held that an element requiring a showing of "bodily harm" is sufficient to meeting the ACCA's force clause. (Resp. of United States at 11 (first citing *United States v. Salean*, 583 F.3d 1059, 1060 (8th Cir. 2009); and then citing *Roberts v. United States*, 745 F.3d 928, 931 (8th Cir. 2014)).)  But the cases the United States cites did not go that far; the statutes in *Salean* and *Roberts* each required a showing of more severe physical force than the physical force element in the Wisconsin battery-to-law-officers statute.  In *Salean*, the statute

- 14 -

required a showing of "**demonstrable** bodily harm." 583 F.3d at 1060 (emphasis added) (quoting Minn. Stat. § 609.2231, subd. 3 (1994)). And in *Roberts*, the statute required a showing of "**substantial** bodily harm." 745 F.3d at 931 (emphasis added) (quoting Minn. Stat. § 609.223, subd. 1 (1994)). But here, the Wisconsin battery-to-law-officers statute requires nothing more than "**bodily harm**." Wis. Stat. § 940.20(2) (1995-96) (emphasis added); *see also Roberts*, 745 F.3d at 931 (highlighting that the Eighth Circuit's holdings in *Roberts* and *Salean* do not necessarily interpret the ACCA's force clause to cover Minnesota's fifth-degree assault, which requires proof of only "bodily harm"). *Salean* and *Roberts* are not controlling.

Still, the Supreme Court's ruling in *Curtis Johnson*, together with persuasive authorities from Wisconsin, indicate that the "bodily harm" element in Wisconsin's battery-to-law-officers statute is an element sufficient to satisfy the ACCA's force clause. In *Curtis Johnson*, the Supreme Court was asked to decide whether Johnson's prior Florida conviction for simple battery fit into the force clause. 559 U.S. at 136-37. The statute at issue defined simple battery as when a person either "[a]ctually and intentionally **touches** or strikes another person against the will of the other," or "[i]ntentionally causes bodily harm to another person." *Id.* (emphasis added) (quoting Fla. Stat. § 784.03(1)(a)). Because the Florida statute was divisible, the Supreme Court, in order to determine whether a conviction under the statute was categorically a "violent felony" under the ACCA's force clause, questioned whether the mere "touch[ing]" of a person is a use of violent physical force. The Court noted that the Florida Supreme Court had held that "touch[ing]" meant "**any** intentional physical contact, 'no matter how

slight.'" *Id.* at 138 (quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)).  And then the Court held that the "touch[ing]" element could not meet the ACCA's force clause, because "the phrase 'physical force' means **violent** force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

Here, Wisconsin interprets its simple battery law much more narrowly than Florida.  In Wisconsin, simple battery – and battery-to-law-officers – requires a showing of "bodily harm"; mere touching will not do.  Wis. Stat. § 940.20(2) (1995-96 and 1997-98 versions); Wis. Stat. § 940.19(1) (1995-96 and 1997-98 versions).  And Wisconsin further defines "bodily harm" as "physical pain or injury, illness, or any impairment of physical condition."  Wis. Stat. § 939.22(4) (2014).[4]  The Wisconsin Supreme Court has noted that "physical injury" – which the state's supreme court views as "synonymous" with the term at issue here, "bodily harm" – is defined by *Black's Law Dictionary* as "bodily harm or hurt, **excluding mental distress, fright or emotional disturbance**"; the Wisconsin Supreme Court has further noted that *Black's* defines "'physical' as 'relating or pertaining to the body, **as distinguished from the mind or soul or the emotions**.'" *State v. McCoy*, 421 NW.2d 107, 111-12 (Wis. 1988) (emphasis added) (quoting *Black's Law Dictionary* 1304 (4th rev. ed. 1968)).  The Wisconsin Court of Appeals has rejected an attempt to expand the scope the "bodily harm" element as a general matter to a defendant throwing a cup of urine in another's face, but held that the same act did constitute "bodily harm" if it caused the victim eye pain. *State v. Higgs*, 601 N.W.2d

---

[4] Wisconsin first ascribed this exact definition to the term "bodily harm" long before Jones pleaded no contest to battery to a law officer. *See State v. Gould*, 202 N.W.2d 903, 905 (Wis. 1973) (quoting the same definition in 1973).

653, 659-60 (Wis. Ct. App. 1999). Finally, the Wisconsin Court of Appeals has also noted that "spitting" is not a violent act causing "bodily harm." *City of Madison v. Sanders*, 545 N.W.2d 520 (Wis. Ct. App. 1995). In sum, Wisconsin's simple battery "bodily harm" element could only be proved in 1998 with a showing of actual bodily harm, including nothing less than physical pain; the state's simple battery law is not defined so loosely to permit a guilty finding based on mere touching, like the Florida felony found not-necessarily violent in *Curtis Johnson*. The Court therefore finds that the "bodily harm" element in the 1998 Wisconsin battery-to-law-officers statute was an element requiring "the use, attempted use, or threatened use" of violent physical force. *See Yates v. United States*, No. 2-86, 2016 WL 3406198, at *2-4 (W.D. Wis. June 17, 2016) (concluding the same); *Lowe v. United States*, No. 11-74, 2014 WL 435351, at *3 (E.D. Wis. Feb. 4, 2014) (same).

Jones's 1998 Wisconsin battery conviction can serve as a third ACCA predicate offense.

### D.    Jones's 1975 Wisconsin Burglary

As discussed above, Wisconsin's burglary statute is not a generic burglary statute, and therefore the United States must prove through the modified categorical approach that Jones's conviction was actually based on the elements of generic burglary. The United States, however, conceded in its response that it lacked documents identifying which Wisconsin burglary subsection was the basis for Jones's conviction. (Resp. by

United States at 11.)  The 1975 burglary conviction therefore cannot serve as an ACCA predicate offense.

## III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to either issue or deny a certificate of appealability when entering a final order adverse to a § 2255 petitioner.  "A [certificate of appealability] should issue if the [petitioner] has 'made a substantial showing of the denial of a constitutional right.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting 28 U.S.C. § 2253(c)(2)).  A petitioner makes a "substantial showing" if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

With regard to Jones's 1998 battery conviction, the Court, as discussed above, finds that the conviction is a predicate offense for ACCA purposes.  But the Court acknowledges that the question is not entirely settled, and it may be possible for reasonable judges to debate the matter.  *Yates*, 2016 WL 3406198, at *4 (issuing a certificate of appealability in a case involving the same Wisconsin "bodily harm" question).  And if Jones is correct that his 1998 battery conviction is not a "violent felony," then the ACCA's 15-year mandatory minimum should not apply to him, and he would have already served more time than would appear to be legally permissible in light

of the statutory maximum.  Although the Court finds that conclusion to be incorrect, the Court will permit a certificate of appealability to issue.

## CONCLUSION

After the Supreme Court's decisions in *Johnson* and *Welch*, the application of the ACCA's 15-year mandatory minimum to Jones is only justified if at least three of his prior convictions are predicate offenses under either of the ACCA's two remaining clauses defining the term "violent felony."  The Court finds that three of Jones's prior convictions meet that threshold:  The modified categorical approach reveals that Jones's 1977 and 1981 Wisconsin burglary convictions meet the enumerated crimes clause because those convictions were for burglary of a "dwelling or building," not for some other place.  And the formal categorical approach shows that Jones's 1998 Wisconsin battery conviction meets the force clause because the relevant statute included an element requiring a finding of "bodily harm," and Wisconsin defines "bodily harm" to require a showing of nothing less than bodily pain.  Because these three predicate offenses are enough to justify the application of the ACCA's 15-year mandatory minimum, even after *Johnson* and *Welch*, the Court will deny Jones's § 2255 petition.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Patrick Allen Jones's Motion to Vacate Sentence [Docket No. 36] is **DENIED**.

2.      For the purposes of appeal, the Court **GRANTS** a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 8, 2016                                    _____s/ John M. Tunheim_____
at Minneapolis, Minnesota.                                         JOHN R. TUNHEIM
                                                                          Chief Judge
                                                              United States District Court